Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4385 | **DATE** | 7/21/2000 |
| **CASE TITLE** | Richard Dickieson vs. Der Travel Service, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Unless Dickieson's counsel files in this Court's chambers on or before July 27, 2000 a statement as to the predicate on which Dickieson can dodge that fatal blow, this court will promptly dismiss both the Complaint and this action–without prejudice, of course, to Dickieson's ability to assert any viable claims in a court of competent jurisdiction.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | JUL 24 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 7/21/2000 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | 00 JUL 21 PM 3:54 | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD DICKIESON,            )
                              )
            Plaintiff,        )
                              )
    v.                        )    No.  00 C 4385
                              )
DER TRAVEL SERVICE, INC., et al., )
                              )
            Defendants.       )

MEMORANDUM OPINION AND ORDER

Richard Dickieson ("Dickieson") has just filed an action against his former employer DER Travel Service, Inc. ("DER") and its president and senior vice president, seeking to invoke federal jurisdiction under 42 U.S.C. §1985(2)("Section 1985(2)"), part of the post-Civil War Civil Rights Acts. Although Dickieson also advances a state law claim of retaliatory discharge, that claim must look to 28 U.S.C. §1367(a) as its only ticket of entry to this federal court,[1] so that jurisdiction over that claim will presently stand or fall together with the Section 1985(2) claim referred to in the preceding sentence.

But Dickieson's difficulty is that no such conspiracy claim

---

[1] This Court is of course mindful that federal-question jurisdiction is not the only predicate for suing in the federal court system. But Complaint ¶2 identifies Dickieson as an Illinois resident and Complaint ¶5 identifies co-defendant Barbara Schmidt as also residing in Illinois. Although the relevant facts for diversity-of-citizenship purposes are by definition the litigants' states of citizenship, and although residence and citizenship do not necessarily coincide, nothing suggests that Dickieson could overcome that hurdle either. And even if he could, only his retaliatory discharge claim would survive in any event.

can exist between DER and its officers under what has become known as "the intracorporate conspiracy doctrine"--among the numerous cases so holding, see Payton v. Rush-Presbyterian St. Luke's Med. Ctr., 184 F.3d 623, 632 (7th Cir. 1999) and cases cited there.  Accordingly, unless Dickieson's counsel files in this Court's chambers on or before July 27, 2000 a statement as to the predicate on which Dickieson can dodge that fatal blow, this Court will promptly dismiss both the Complaint and this action--without prejudice, of course, to Dickieson's ability to assert any viable claims in a court of competent jurisdiction.

/s/ Milton I. Shadur
Milton I. Shadur
Senior United States District Judge

Date:  July 21, 2000