Minute Order Form(06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4385 | **DATE** | 7/27/2000 |
| **CASE TITLE** | Richard Dickieson vs. Der Travel Service, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Accordingly, as forecast in the Opinion if Dickieson proved unable to "dodge that fatal blow" stemming from the intercorporate conspiracy doctrine, this Court dismisses his count I claim under Section 1985(2), a dismissal that also carries with it the dismissal of the two individual defendants. It appears from Mem. 6, however, that Dickieson wishes to remain in this federal court on the count II state law claim against DER alone.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | JUL 28 2000 | |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 7/27/2000 | |
| SN | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD DICKIESON,            )
                              )
           Plaintiff,         )
                              )
     v.                       )   No.  00 C 4385
                              )
DER TRAVEL SERVICE, INC., et al., )
                              )
           Defendants.        )

MEMORANDUM OPINION AND ORDER

This Court's sua sponte July 21, 2000 memorandum opinion and order ("Opinion") red-flagged for plaintiff Richard Dickieson ("Dickieson") and his counsel a problem that figuratively jumped out from the pages of his Complaint against his former employer DER Travel Service, Inc. ("DER") and its president and senior vice president: the clear applicability of what has become known as "the intracorporate conspiracy doctrine" that bars conspiracy claims under 42 U.S.C. §1985 ("Section 1985") in this Circuit. Dickieson's counsel has responded swiftly with a July 25 Memorandum of Law ("Memorandum," or "Mem.--" where its specific pages are cited), beating by two days the July 27 timetable that the Opinion had set for such a response.

Essentially the thrust of the Memorandum is that this Court, instead of adhering to the Seventh Circuit's Payton decision referred to in the Opinion, should instead follow this year's en banc decision of the Eleventh Circuit in McAndrew v. Lockheed Martin Corp., 206 F.3d 1031 (11th Cir. 2000). In McAndrew that

Court of Appeals distinguished between a plaintiff's claims that are brought under Section 1985(3) (as to which that Circuit has followed our own in recognizing and applying the intracorporate conspiracy doctrine) and Section 1985(2) claims (where that Circuit has now chosen to take a different path).

But this Court is of course duty bound to follow Seventh Circuit and not Eleventh Circuit law. And our own Court of Appeals has <u>expressly</u> applied the intracorporate conspiracy doctrine to bar Section 1985(2) claims as well--indeed, it did so in <u>Wright v. Illinois Dep't of Children & Family Servs.</u>, 40 F.3d 1492, 1507-08 (7th Cir. 1994), a case that addressed a claim just like Dickieson's: one that alleged a conspiracy on defendants' part to deny access to the federal courts.[1] And there is no principled way to distinguish the situation addressed in <u>Wright</u> from that in the present case in terms of "egregious

---

[1] Dickieson's counsel obviously has not done his homework fully in stating, as the "First" proposition in his conclusion (Mem. 6):

> The only appellate authority is that the "intra-corporate conspiracy" doctrine does not apply to a claim under §1985(2). E.g., <u>McAndrew v. Lockheed, et al.</u>, supra. <u>No</u> contrary authority exists in this or any other Circuit.

After all, it has taken only a few minutes' research to locate <u>Wright</u>. It is less surprising that the otherwise thoughtful <u>McAndrew</u> opinion failed to acknowledge or discuss our Court of Appeals' contrary holding in <u>Wright</u> either--the Eleventh Circuit was announcing its own doctrine, not being bound (as are Dickieson and this Court) to conform to Seventh Circuit law).

2

circumstances" (which is the fallback position sought to be advanced in the Memorandum).[2]

Accordingly, as forecast in the Opinion if Dickieson proved unable to "dodge that fatal blow" stemming from the intracorporate conspiracy doctrine, this Court dismisses his Count I claim under Section 1985(2), a dismissal that also carries with it the dismissal of the two individual defendants. It appears from Mem. 6, however, that Dickieson wishes to remain in this federal court on the Count II state law claim against DER alone. This Court is therefore contemporaneously issuing its customary minute order establishing an initial status hearing date and providing for the litigants' activities preceding that date.

                                   _/s/ Milton I. Shadur_
                                   Milton I. Shadur
                                   Senior United States District Judge

Date: July 27, 2000

---

[2] Thus Mem. 6 is wrong in asserting that Dickieson's Section 1985(2) claim fits within the "egregious circumstances" exception, as it has been limited by our Court of Appeals to defendants' conduct "motivated solely by personal [rather than corporate] bias" (as set out in Payton, 184 F.3d at 633 n.9). All of the Complaint's allegations (including Complaint ¶¶44, 45 and 46, to which Dickieson attempts to point) speak of defendants and their concerns collectively as well as individually.